IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

IA LABS CA, LLC,

Plaintiff,

vs.

NINTENDO CO., LTD. *et. al.*

Defendants.

Civil Action No. 8:10-CV-00833-PJM

**JURY TRIAL**

**NINTENDO CO., LTD. AND NINTENDO OF AMERICA INC.'S**
**ANSWER AND COUNTERCLAIMS**

Defendants Nintendo Co., Ltd. ("NCL") and Nintendo of America Inc. ("NOA") (collectively, "Nintendo") hereby submit this Answer and Counterclaims in response to IA Labs CA, LLC's ("IA Labs") Complaint for Patent Infringement, dated April 2, 2010 ("Complaint").

## ANSWER

### COMPLAINT SECTION I. NATURE OF THIS ACTION[1]

1. Nintendo admits that IA Labs brings this action alleging infringement of U.S. Patent Nos. 7,121,982 ('982 patent), and 7,331,226 ('226 patent), under Sections 271 *et. seq.* of Title 35 of the United States Code, but denies any liability thereunder. Nintendo admits that the '982 patent, entitled "Computer Interactive Isometric Exercise System and Method for Operatively Interconnecting The Exercise System to a Computer System for Use As a Peripheral," issued on October 17, 2006, and Philip Feldman is named as the inventor. Nintendo further admits that the '226 patent, entitled "Force Measurement System for an Isometric

[1] Nintendo repeats the headings set forth in the Complaint to simplify comparing the Complaint to this Answer. By doing so, Nintendo makes no admission as to the truth of any factual allegations contained in or implied by those headings.

Exercise Device," issued on February 19, 2008, and Philip Feldman, Peter Tsai, Greg Merril, Jason Grimm, and Jeff Schott are named as the inventors. Nintendo further admits that copies of the '982 and '226 patents are attached to the Complaint. Nintendo denies that it is infringing or has infringed the '982 or '226 patents, or damaged IA Labs in any way. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 1 and, therefore, denies these allegations.

2. Nintendo admits the Complaint alleges patent infringement based on the manufacture, use, sale, offer for sale, and/or importation into the United States of the Nintendo Wii™ console, software, and peripherals listed in Paragraph 2 of the Complaint. Nintendo denies that it is infringing or has infringed the '982 or '226 patents or damaged IA Labs in any way.

**COMPLAINT SECTION II. PARTIES**

3. Nintendo admits that IA Labs is a limited liability company. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 3 and, therefore, denies these allegations.

4. Nintendo admits that NCL is a Japanese corporation having its principal place of business at 11-1 Kamitoba Hokotate-cho, Minami-ku, Kyoto 601-8501 Japan. Nintendo further admits that NCL can be served in accordance with the Hague Convention and the laws of Japan.

5. Nintendo admits that NOA is a Washington corporation. Nintendo further admits that NOA can be served with process by serving its registered agent as alleged in Paragraph 5. NOA's principal place of business has moved to 4600 150th Avenue NE, Redmond, WA 98052, and, therefore, Nintendo denies the remaining allegation of Paragraph 5.

**COMPLAINT SECTION III. JURISDICTION AND VENUE**

6. Nintendo admits the allegations of Paragraph 6.

7. Nintendo admits that it does business in this district and is subject to personal jurisdiction in this district. Nintendo denies the remaining allegations of Paragraph 7.

8. Nintendo admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400. Nintendo denies the remaining allegations of Paragraph 8.

## COMPLAINT SECTION IV. FACTUAL ALLEGATIONS

### Interaction Laboratories, Inc. ("Interaction Labs")

9. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 9 and, therefore, denies these allegations.

10. Nintendo admits that the patent application that resulted in the '982 patent was filed on December 4, 2002. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 10 and, therefore, denies these allegations.

11. Nintendo admits that Interaction Labs developed and sold products, including at least the Kilowatt Sport. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 11 and, therefore, denies these allegations.

12. Nintendo admits that Exhibit 3 is a publication stating that Interaction Labs was awarded the CES Innovation of the Year Award in 2005. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 12 and, therefore, denies these allegations.

13. Nintendo admits that Exhibit 4 is a publication stating that Interaction Labs was awarded the CES Innovation of the Year Award in 2006. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 13 and, therefore, denies these allegations.

14. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 14 and, therefore, denies these allegations.

15. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 15 and, therefore, denies these allegations.

16. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 16 and, therefore, denies these allegations.

**IA Labs**

17. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 17 and, therefore, denies these allegations.

18. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 18 and, therefore, denies these allegations.

19. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’982 or ’226 patents, or that it has damaged Plaintiff IA Labs in any way. Nintendo further denies that any harm alleged by IA Labs is irreparable. The remainder of Paragraph 19 contains no factual allegations to which Nintendo is required to respond.

20. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’982 or ’226 patents, or that it has damaged Plaintiff IA Labs in any way. Nintendo further denies that any harm alleged by IA Labs is irreparable. The remainder of Paragraph 20 contains no factual allegations to which Nintendo is required to respond.

**Nintendo**

21. NCL admits that it is the parent corporation of NOA. Nintendo further admits that NCL designs, develops, exports and distributes the Wii™ console and related software and hardware products, including the Wii™ Fit, Wii™ Fit Plus, Wii™ Balance Board, Wii™

Remote, Wii™ Nunchuk, Wii™ MotionPlus, Wii™ Wheel, and Wii™ Zapper. The meaning of the phrase "corporate parent of a multinational corporation" is unclear in the context used by Plaintiff, and, therefore, Nintendo denies the remaining allegations of Paragraph 21

22. Nintendo admits the allegations of Paragraph 22.

23. Nintendo admits that it has distribution centers in the United States, including a facility in North Bend, Washington. Nintendo denies the remaining allegations of Paragraph 23.

24. Nintendo admits that NCL is the assignee of United States Patent Application 12/010,033, a copy of which is attached as Exhibit 5 to the Complaint. Nintendo further admits that the statements contained in Exhibit 5 accurately describe the invention of the patent application. Nintendo denies that Exhibit 5 is intended to describe the details of a commercial product. The meaning of the phrase "embodiment of the technology" is unclear and, therefore, Nintendo denies the allegation in the second sentence of Paragraph 24. Nintendo admits that the Wii™ Balance Board resembles some aspects of the description contained in Exhibit 5, but Nintendo denies that the technology described or claimed by the application completely corresponds to any commercial product, including the products that IA Labs has accused of infringement.

25. Nintendo admits that NCL is the assignee of United States Patent Application 12/073,327, a copy of which is attached as Exhibit 6 to the Complaint. Nintendo further admits that the statements contained in Exhibit 6 accurately describe the invention of the patent application. Nintendo denies that Exhibit 6 is intended to describe the details of a commercial product. The meaning of the phrase "embodiment of the technology" is unclear and, therefore, Nintendo denies the allegation in the second sentence of Paragraph 25. Nintendo admits that the Wii™ Balance Board resembles some aspects of the description contained in Exhibit 6, but

Nintendo denies that the technology described or claimed by the application completely corresponds to any commercial product, including the products that IA Labs has accused of infringement.

26. Nintendo admits that NCL is the assignee of United States Patent Application 12/216,828, a copy of which is attached as Exhibit 7 to the Complaint. Nintendo further admits that the statements contained in Exhibit 7 accurately describe the invention of the patent application. Nintendo denies that Exhibit 7 is intended to describe the details of a commercial product. The meaning of the phrase "embodiment of the technology" is unclear and, therefore, Nintendo denies the allegation in the second sentence of Paragraph 26. Nintendo admits that the Wii™ Balance Board resembles some aspects of the description contained in Exhibit 7, but Nintendo denies that the technology described or claimed by the application completely corresponds to any commercial product, including the products that IA Labs has accused of infringement.

27. Nintendo admits that NCL is the assignee of United States Patent Application 12/230,922, a copy of which attached as Exhibit 8 to the Complaint. Nintendo further admits that the statements contained in Exhibit 8 accurately describe the invention of the patent application. Nintendo denies that Exhibit 8 is intended to describe the details of a commercial product. The meaning of the phrase "embodiment of the technology" is unclear and, therefore, Nintendo denies the allegation in the second sentence of Paragraph 27. Nintendo admits that the Wii™ Balance Board resembles some aspects of the description contained in Exhibit 8, but Nintendo denies that the technology described or claimed by the application completely corresponds to any commercial product, including the products that IA Labs has accused of infringement.

28. Nintendo admits that NCL is the assignee of the United States Patent Application 12/230,934, a copy of which is attached as Exhibit 9 to the Complaint. Nintendo further admits that the statements contained in Exhibit 9 accurately describe the invention of the patent application. Nintendo denies that Exhibit 9 is intended to describe the details of a commercial product. The meaning of the phrase "embodiment of the technology" is unclear and, therefore, Nintendo denies the allegation in the second sentence of Paragraph 28. Nintendo admits that the Wii™ Balance Board resembles some aspects of the description contained in Exhibit 9, but Nintendo denies that the technology described or claimed by the application completely corresponds to any commercial product, including the products that IA Labs has accused of infringement.

**Nintendo's Interaction With IA Labs**

29. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 29 and, therefore, denies these allegations.

30. Nintendo denies the allegations of Paragraph 30. Mr. Takeda is the General Manager of the Integrated Research & Development Division for NCL.

31. Nintendo denies the allegations of Paragraph 31. Mr. Cheng is the Vice President of R&D for Nintendo Technology Development corporation.

32. Nintendo denies the allegations of Paragraph 32. Ms. Hatcher is no longer employed by NOA.

33. Nintendo admits Zach Fountain is an employee of NOA. Nintendo denies the remaining allegations of Paragraph 33.

34. Nintendo admits that on December 6, 2007, Greg Merril met with Mr. Takeda in Kyoto, Japan, but denies the participants discussed "development of peripherals and related

games for the Wii™ gaming system." Mr. Merril's focus during the meeting was attempting to sell an Interaction Labs product to Nintendo called the "SQWEEZE."

35. Nintendo admits that on December 6, 2007, Greg Merril met with Mr. Takeda in Kyoto, Japan. Nintendo denies the remaining allegations of Paragraph 35.

36. Nintendo admits that on December 6, 2007, Greg Merril met with Mr. Takeda in Kyoto, Japan. Nintendo denies the remaining allegations of Paragraph 36.

37. Nintendo admits that on December 6, 2007, Greg Merril met with Mr. Takeda in Kyoto, Japan. Nintendo denies the remaining allegations of Paragraph 37.

38. Nintendo admits that on December 6, 2007, Greg Merril met with Mr. Takeda in Kyoto, Japan. Nintendo denies the remaining allegations of Paragraph 38.

39. Nintendo admits Greg Merril contacted Howard Cheng and sent email messages that referenced "patents" allegedly assigned to Interaction Labs. Nintendo is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 39 and, therefore, denies these allegations.

40. The Wii™ Fit product was released in the United States on May 19, 2008 and, therefore, Nintendo denies the allegations of Paragraph 40.

41. Nintendo admits that Exhibit 10 to the Complaint is a copy of an email message sent by Greg Merril to Howard Cheng. Nintendo admits that Exhibit 10 states: "We believe some of our patents are relevant to WiiFit and, given our existing relationship, I wanted to reach out to you to explore if there is interest in talking to Nintendo about acquiring this IP?" Nintendo denies the remaining allegations of Paragraph 41.

42. Nintendo admits that Exhibit 11 to the Complaint is a copy of an email message sent by Greg Merril to Sandy Hatcher and Howard Cheng. Nintendo further admits that Exhibit

11 states: “We believe some of our patents are relevant to WiiFit and, given our existing relationship, I wanted to reach out to you to explore if there is interest from Nintendo in talking about acquiring this IP?” Nintendo denies the remaining allegations of Paragraph 42.

43. Nintendo admits that Exhibits 12, 13 and 14 to the Complaint are copies of an email message and attachments thereto sent by Greg Merril to Zach Fountain. Nintendo further admits that Exhibit 12 states: “Also attached is a memo regarding our IP and Wii Fit . . . . There are other manufacturers that are interested in acquiring this IP but I would rather do a win-win deal directly with Nintendo and strengthen our relationship. I am looking for the right person to talk with at Nintendo.” Nintendo admits that Exhibit 13 is the “memo” referenced by and attached to Mr. Merril’s email message. Nintendo further admits that Exhibit 14 contains a “technology overview” of Interaction Labs. Nintendo denies the remaining allegations of Paragraph 43.

44. Nintendo admits that Exhibit 15 to the Complaint is a copy of an email message sent by Zach Fountain to Greg Merril. Nintendo further admits that Exhibit 15 states: “Thanks for sending this. I will ask some questions.” Nintendo denies the remaining allegations of Paragraph 44.

45. Nintendo admits that Exhibit 16 to the Complaint is a copy of an email message sent by Greg Merril to Zach Fountain. Nintendo further admits that Exhibit 16 states: “Have you been able to figure out who I should talk to about the my [sic] patent issue?” Nintendo denies the remaining allegations of Paragraph 45.

46. Nintendo admits that Exhibit 17 to the Complaint is a copy of an email message sent by Zach Fountain to Greg Merril. Nintendo further admits that Exhibit 17 states “You

should continue to try to contact Howard, but I will see if there's a legal contact I can provide." Nintendo denies the remaining allegations of Paragraph 46.

47. Nintendo admits that Exhibits 18 and 19 to the Complaint are copies of an email message and attachment thereto sent by Greg Merril to Howard Cheng. Nintendo further admits that Exhibit 18 states: "I'm hoping you can help me find the appropriate person at Nintendo to talk about our patent IP related to the Wii Fit. There are other groups interested in acquiring this IP but I would rather do a win-win deal directly with Nintendo and strengthen our relationship." Nintendo further admits that Exhibit 19 appears to be a copy of the "memo" referenced by and attached to Exhibit 12, Mr. Merril's email message to Zach Fountain, dated Oct. 24, 2008.

48. Nintendo admits that Exhibit 20 to the Complaint is a copy of an email message sent by Greg Merril to Zach Fountain. Nintendo further admits that Exhibit 20 states: "OK. Thanks. I just sent email to Howard." Nintendo denies the remaining allegations of Paragraph 48.

49. Nintendo admits the allegations of Paragraph 49.

## COMPLAINT SECTION V. CLAIMS

## IA LABS' COUNT ONE – INFRINGEMENT OF THE '982 PATENT

50. Nintendo incorporates by reference its answers to Paragraphs 1-49 above.

51. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 51 and, therefore, denies these allegations.

52. Nintendo admits the Complaint alleges infringement of the '982 patent by the Wii™ video game console and the related Wii™ Fit, Wii™ Fit Plus, Wii™ Balance Board, Wii™ Remote, Wii™ Nunchuk, Wii™ MotionPlus, Wii™ Wheel, and Wii™ Zapper" products. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '982

patent. The remainder of Paragraph 52 contains no factual allegations to which Nintendo is required to respond.

53. Nintendo denies the allegations of Paragraph 53.

54. Nintendo denies the allegations of Paragraph 54.

55. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the'982 patent, or that it has damaged Plaintiff IA Labs in any way. Nintendo further denies that any harm alleged by IA Labs is irreparable.

56. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the'982 patent, or that it has damaged Plaintiff IA Labs in any way. Nintendo further denies that it is liable for such infringement pursuant to 35 U.S.C. § 271 or that IA Labs is entitled to an award of damages pursuant to 35 U.S.C. § 284.

**IA LABS' COUNT TWO – INFRINGEMENT OF THE '226 PATENT**

57. Nintendo incorporates by reference its answers to Paragraphs 1-49 above.

58. Nintendo is without sufficient information or belief to admit or deny the allegations of Paragraph 58 and, therefore, denies these allegations.

59. Nintendo admits the Complaint alleges infringement of the '226 patent by the "Wii™ Fit, Wii™ Fit Plus, and Wii™ Balance Board" products. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '226 patent. The remainder of Paragraph 59 contains no factual allegations to which Nintendo is required to respond.

60. Nintendo denies the allegations of Paragraph 60.

61. Nintendo denies the allegations of Paragraph 61.

62. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’226 patent, or that it has damaged Plaintiff IA Labs in any way. Nintendo further denies that any harm alleged by IA Labs is irreparable.

63. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’226 patent, or that it has damaged Plaintiff IA Labs in any way. Nintendo further denies that it is liable for such infringement pursuant to 35 U.S.C. § 271 or that IA Labs is entitled to an award of damages pursuant to 35 U.S.C. § 284.

**COMPLAINT SECTION VI. WILLFULNESS**

64. Nintendo incorporates by reference its answers to Paragraphs 1-49 above.

65. Nintendo admits that on October 24, 2008, Greg Merril sent the email and attachments thereto attached as Exhibits 12, 13 and 14 to the Complaint to Zach Fountain, an employee of NOA. Nintendo further admits that Exhibit 12 states: “Also attached is a memo regarding our IP and Wii Fit.” Nintendo admits that Exhibit 13 is the “memo” referenced by and attached to the October 24, 2008, email message. Nintendo further admits that Exhibit 14 contains a “technology overview” of Interaction Labs. Nintendo denies the remaining allegations of Paragraph 65.

66. Nintendo admits that on October 24, 2008, Greg Merril sent the email and attachments thereto attached as Exhibits 12, 13 and 14 to the Complaint to Zach Fountain, an employee of NOA,. Nintendo further admits that Exhibit 12 states: “Also attached is a memo regarding our IP and Wii Fit.” Nintendo admits that Exhibit 13 is the “memo” referenced by and attached to the October 24, 2008, email message. Nintendo further admits that Exhibit 14

contains a "technology overview" of Interaction Labs. Nintendo denies the remaining allegations of Paragraph 66.

67. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '982 or '226 patents. Nintendo further denies that such infringement was willful. Nintendo further denies it acted knowingly or with reckless disregard despite an objectively high likelihood that its actions constituted infringement of IA Labs' valid patent rights. Nintendo further denies that such "objectively-defined risk" was either known or so obviousness that it should have known to Nintendo.

68. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '982 or '226 patents. Nintendo further denies that such infringement was willful. Nintendo further denies IA Labs is entitled to recover any damages pursuant to 35 U.S.C. § 284 or attorney's fees and costs pursuant to 35 U.S.C. § 285.

69. Nintendo denies that it is infringing or has infringed (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '982 or '226 patents and that it has damaged Plaintiff IA Labs in any way. Nintendo therefore further denies that it will continue such infringement unless enjoined by the Court or that IA Labs is entitled to recover any damages pursuant to 35 U.S.C. § 284.

**COMPLAINT SECTION VII. JURY DEMAND**

70. Nintendo admits Plaintiff IA Labs demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

71. All allegations not specifically admitted herein are denied.

## NINTENDO'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, as affirmative defenses to IA Labs' Complaint, Nintendo asserts that:

### FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement of the '982 Patent)**

72. Nintendo has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '982 patent.

### SECOND AFFIRMATIVE DEFENSE
**(Non-Infringement of the '226 Patent)**

73. Nintendo has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '226 patent.

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity of the '982 Patent)**

74. The '982 patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation §§ 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE
**(Invalidity of the '226 Patent)**

75. The '226 patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation §§ 102, 103 and 112.

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

76. IA Labs' claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

77. IA Labs' claims for relief are barred, in whole or in part, by the equitable doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

78. IA Labs is not entitled to injunctive relief as it has, at a minimum, adequate remedies at law and has suffered no irreparable injury.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

79. Nintendo reserves the right to assert additional defenses that may become apparent during discovery in this action.

**NINTENDO'S COUNTERCLAIMS**

Defendant and Counterclaim Plaintiffs NCL and NOA, for their counterclaims against Counterclaim Defendant IA Labs, allege as follows:

80. Nintendo of America is a Washington corporation having its principal place of business at 4600 150th Avenue NE, Redmond, WA 98052.

81. Defendant and Counterclaim Plaintiff NCL is a Japanese corporation having its principal place of business at 11-1 Kamitoba Hokotate-cho, Minami-ku, Kyoto 601-8501 Japan.

82. IA Labs is a limited liability company organized and existing under the laws of the State of Delaware, and, by filing the Complaint, subjects itself to the jurisdiction of this Court.

83. IA Labs alleges that it is the owner by assignment of the '982 Patent and '226 Patent and holds all rights and interests in those patents.

84. Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these counterclaims, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue for these counterclaims is proper under 28 U.S.C. 1391(b) and (c) and 1400(b).

85. Based on the Complaint for Patent Infringement IA Labs filed against Nintendo, an actual and justiciable controversy exists between Nintendo and IA Labs with respect to the infringement, validity and unenforceability of the ’982 and ’226 patents.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’982 Patent)**

86. Nintendo has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’982 patent.

87. Nintendo seeks a declaration that it has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’982 patent.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’226 Patent)**

88. Nintendo has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the’226 patent.

89. Nintendo seeks a declaration that it has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the ’226 patent.

**<u>THIRD COUNTERCLAIM</u>**
**(Declaratory Judgment of Invalidity of the ’982 Patent)**

90. The ’982 patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq*., including without limitation §§ 102, 103 and 112.

91. Nintendo seeks a declaration that the ’982 patent and each claim thereof is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation, Sections 102, 103 and 112.

**<u>FOURTH COUNTERCLAIM</u>**
**(Declaratory Judgment of Invalidity of the ’226 Patent)**

92. The ’226 patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq*., including without limitation §§ 102, 103 and 112.

93. Nintendo seeks a declaration that the ’226 patent and each claim thereof is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation, Sections 102, 103 and 112.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants and Counterclaimants NCL and NOA pray that this Court:

A. Dismiss IA Labs’ Complaint in its entirety with prejudice, with IA Labs taking nothing thereby;

B. Deny all of IA Labs’ claims against Nintendo;

C. Declare that Nintendo has not infringed the ’982 patent;

D. Declare that Nintendo has not infringed the ’226 patent;

E. Declare that the ’982 patent is invalid;

F. Declare that the ’226 patent is invalid;

G. Declare this to be an exceptional case under 35. U.S.C. § 285 and award Nintendo its attorney’s fees;

H. Award Nintendo its costs of this action; and

I. Award Nintendo such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of August, 2010:

**PERKINS COIE LLP**

*/s/* ________________________
Terrance J. Wikberg, Bar No. #17978
PERKINS COIE LLP
607 14th Street, NW
Washington, DC 20005
Telephone: (202) 434-1649
Fax: (202) 654-9149
e-mail: TWikberg@PerkinsCoie.com

Jerry A. Riedinger, *pro hac vice pending*
Email: JRiedinger@perkinscoie.com
V. Ajay Singh, *pro hac vice pending*
Email: ASingh@perkinscoie.com
Tyler C. Peterson, *pro hac vice pending*
Email: TylerPeterson@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., 48th Floor
Seattle, WA 98101
(206) 359-8000
(206) 359-9000 (facsimile)

Counsel for NINTENDO CO., LTD. AND NINTENDO OF AMERICA, INC.

Joseph A. Rhoa, Bar No. #12902
NIXON & VANDERHYE P.C.
901 North Glebe Road, 11th Floor
Arlington, Virginia 22203
(703) 816-4000
(703) 816-4100 (facsimile)
Email: jar@nixonvan.com

Counsel for NINTENDO CO., LTD. AND NINTENDO OF AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

John M. Tran, Esq.
**DiMuroGinsberg, P.C.**

Robert S. Brennen, Esq.
Katherine B. Hill, Esq.
**Miles & Stockbridge P.C.**

I further certify that I caused copies of the foregoing document to be served on August 3, 2010, upon the following in the manner indicated:

William M. Parrish
Raymond W. Mort, III
Jay D. Ellwanger
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731

*VIA ELECTRONIC MAIL and US FIRST CLASS MAIL*

*/s/*
Terrance J. Wikberg, Bar No. #17978
PERKINS COIE LLP
607 14th Street, NW
Washington, DC 20005
Telephone: (202) 434-1649
Fax: (202) 654-9149
E-mail: TWikberg@PerkinsCoie.com