**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| IA LABS CA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NINTENDO CO., LTD. *et. al.*,<br><br>Defendants. | Civil Action No. 8:10-CV-00833-PJM<br><br>JURY TRIAL |

**DECLARATION OF TYLER C. PETERSON PURSUANT TO FED. R. CIV. P. 56(D) IN SUPPORT OF NINTENDO CO., LTD. AND NINTENDO OF AMERICAN INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Tyler C. Peterson, hereby declare as follows.

1. I am an attorney with the law firm of Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, WA 98101. Perkins Coie is counsel for defendants Nintendo Co., Ltd. and Nintendo of America Inc. (collectively, "Nintendo") in this action. I have been admitted to practice in this matter in the District of Maryland *pro hac vice*.

2. I am the primary associate with responsibility for Nintendo's defense in this litigation, and I have extensive experience working on Nintendo's behalf in connection with the case. I have also been involved in nearly all Nintendo activities related discovery and analysis of the invalidity of the '982 patent. Pursuant to Federal Rule of Civil Procedure 56(d), I make this declaration in support of Nintendo's opposition to Plaintiff's Motion for Partial Summary Judgment based on my own personal knowledge.

3. Pursuant to the Court's order denying Nintendo's Motion to Stay Pending Reexamination, I participated in negotiating a revised case schedule with IA Labs re-setting deadlines for fact and expert discovery in the case. The result of those negotiations was provided to the Court in a Joint Proposed Case Schedule, ECF No. 104. Except for two minor

modifications, the Court adopted the parties' joint proposal. Under that agreed-upon schedule, the fact discovery deadline is August 24. This means over three months of fact discovery remain in the case.

4. Nintendo is diligently pursuing the document and deposition discovery necessary to show the many prior art devices that anticipate the patent's claims or render them obvious. Substantial additional facts and evidence relevant to the invalidity of the '982 patent under Sections 102 and 103 are being and will be developed during the remaining fact and expert discovery in this litigation. Under the current posture of discovery, we fully expect to complete the fact and expert discovery described below in accordance with the current scheduling order.

5. For example, we are currently investigating prior art equipment developed by two "balance platform" manufacturers named NeuroCom and Bertec, Inc., in collaboration with several retained consultants and experts in the field. We have made some progress in locating the physical, documentary and testimonial evidence necessary to demonstrate that the '982 patent is invalid in light of these prior developments, however our investigations are not yet complete. Because of the specialized nature and cost of these devices, obtaining access to prior art balance platforms has been challenging.

6. We have recently developed several new leads for locating prior art NeuroCom and Bertec balance platforms. Compilations of relevant NeuroCom and Bertec related documents identified thus far in discovery are attached as Exhibits 25 and 26 respectively to this declaration. As we proceed with discovery, we expect that these balance-platform-related investigations will generate additional useful information.

7. We are also investigating the prior developments of Dr. John C. Li, the named inventor of U.S. Patent No. 6,225,977 ("the '977 patent") entitled "Human Balance Driven Joystick." Based on the results of that investigation so far, we hope to develop evidence sufficient to establish that Mr. Li publicly used and sold a device that invalidates the '982 patent under IA Labs' interpretation of the claims. Our investigation will be completed before the July 26 expert report deadline.

8. Moreover, Nintendo has noticed and is attempting to schedule fact depositions that are likely to include testimony relevant to Nintendo's Section 102 and 103 defenses. The witnesses are: Stuart Shapiro, Greg Merril, Phillip Feldman, Peter Tsai, Jason Grimm, a Rule 30(b)(6) of IA Labs regarding invalidity, and Dave Brennan (co-author of the "Dang" article). We expect each of these depositions will include testimony about the prior art that is relevant to the '982 patent, and how that prior art compares to the claims at issue in this litigation.

9. We are also in the process of addressing IA Labs' deficient written discovery responses concerning invalidity. Nintendo served several written discovery requests seeking IA Labs' position on how specific prior art references relate to the asserted '982 patent claims. IA Labs' responses have been incomplete and conclusory. Although IA Labs recently supplemented some of its responses, IA Labs has not yet provided its Section 102 and 103 positions. IA Labs faces the expert report deadline by which point it will presumably provide its Section 102 and 103 positions. In the meantime, we are continuing to work with IA Labs' counsel in an effort to obtain IA Labs' position on the prior art references identified thus far. We hope to discover additional relevant facts concerning IA's contentions in advance of IA's rebuttal expert reports in August.

10. The parties also stipulated to a second round of expert reports, with Nintendo's invalidity report due on July 26. Nintendo's experts' reports on invalidity will be updated in light of recent fact discovery, including newly discovered prior art, and recent developments in the '982 patent reexamination proceedings. IA Labs' expert will respond on August 24. This report will be the first explanation from IA Labs regarding invalidity.

11. Nintendo's experts will reply to IA Labs' report on September 9. Expert depositions are to be completed by October 14. This agreed-upon expert discovery schedule was appropriate, considering that (a) the parties never completed expert discovery under the Court's initial scheduling order – most significantly, IA Labs never responded to Nintendo's expert reports addressing invalidity issues and none of the experts was deposed; and (b) each party's experts need the opportunity to supplement and amend their opinions in light of recent

developments, including events in the ’982 patent reexamination and subsequent fact discovery. These expert reports will disclose opinion testimony that is highly relevant to, among other things, whether the ’982 patent is anticipated or rendered obvious by the prior art.

12. After receiving IA Labs’ motion, Jerry Riedinger, lead counsel for Nintendo in this case, and I telephoned Ray Mort, IA Labs’ counsel, to discuss the estoppel allegations contained in IA Labs’ motion. We explained to Mr. Mort three reasons estoppel does not apply. Namely, (a) estoppel does not apply to non-patent or non-publication prior art; (b) the reexamination proceeding is not complete; and (c) estoppel does not apply to “newly discovered prior art.”

13. During that conversation, Mr. Mort agreed, and explained that IA Labs “is not arguing Nintendo is estopped from relying on any prior art.” Rather, Mr. Mort stated that IA Labs believes the Examiner’s recent actions in the reexamination are “persuasive evidence” and that Nintendo “has no evidence of invalidity.” Based on this conversation, I understood that IA Labs agreed that estoppel did not foreclose Nintendo from relying on any prior art.

14. Following the conversation, I sent a confirming e-mail message. Mr. Mort responded with an entirely different position, stating that “Nintendo is estopped from raising the invalidity defenses of anticipation and obviousness.” A true and correct copy of our e-mail exchange is attached as Exhibit 12 to the declaration.

15. Attached as Exhibit 1 to this declaration is a true and correct copy of First Corrected Responses to Plaintiff’s Interrogatories.

16. Attached as Exhibit 2 to this declaration is a true and correct copy of Nintendo Nintendo’s First Supplemental Responses to Plaintiff’s Interrogatories No. 1, 4 and 7.

17. Attached as Exhibit 3 to this declaration is a true and correct copy of Expert report of Dr. Ian Bogost, dated November 2, 2010.

18. Attached as Exhibit 4 to this declaration is a true and correct copy of Declaration of Lee Rawls in Support of Nintendo’s Comments in ’982 Patent Reexamination.

19. Attached as Exhibit 5 to this declaration is a true and correct copy of Declaration of Dr. Bull in Support of Nintendo's Request for Reexamination of the '982 Patent.

20. Attached as Exhibit 6 to this declaration is a true and correct copy of U.S. Patent No. 6,389,883, entitled "Device, system, and method for measurement of balance, stability, and tremor," to Necip Berme et al. ("Berme").

21. Attached as Exhibit 7 to this declaration is a true and correct copy of U.S. Patent No. 6,225,977, entitled "Human Balance Driven Joystick to Dr. John C. Li ("Li").

22. Attached as Exhibit 8 to this declaration is a true and correct copy of IVES related Presentation, Notebooks, and Photographs provided by Mr. David Brennan and produced by Nintendo to IA Labs during discovery in this litigation.

23. Attached as Exhibit 9 to this declaration is a true and correct copy of "Interactive Video Exercise System for Pediatric Brain Injury Rehabilitation", published in the Proceedings of the RESNA Annual Conference, June 1998 ("Dang").

24. Attached as Exhibit 10 to this declaration is a true and correct copy of Japanese Patent App. Pub. No. H7-213745, "Display and recognition device for a movable display image," to Kuniharu Suzuki ("Suzuki '745").

25. Attached as Exhibit 11 to this declaration is a true and correct copy of Japanese Patent App. Pub. No. H6-282373, entitled "Input Device," to Kuniharu Suzuki ("Suzuki '373").

26. Attached as Exhibit 12 to this declaration is a true and correct copy of the April 28 e-mail exchange between Mr. Mort and me described above.

27. Attached as Exhibit 13 to this declaration is a true and correct copy of IA Labs' Revised 30(b)(6) Notice to Nintendo Co., Ltd.

28. Attached as Exhibit 14 to this declaration is a true and correct copy of U.S. Patent No. 5,805,138, entitled "Gross motion input controller for a computer system," to Nicholas Brawne et al. ("Brawne").

29. Attached as Exhibit 15 to this declaration is a true and correct copy of Japanese Patent App. No. 2001-178845, entitled "Limb Capacity Loss Prevention Device," to Yasuhiro Yamashima et al. ("Yamashima").

30. Attached as Exhibit 16 to this declaration is a true and correct copy of Action Closing Prosecution in '982 Patent Reexamination

31. Attached as Exhibit 17 to this declaration is a true and correct copy of Plaintiff Supplemental Responses to Nintendo Interrogatory Nos. 11 and 21.

32. Attached as Exhibit 18 to this declaration is a true and correct copy of U.S. Patent No. 5,591,104, entitled "Physical Exercise Video System," to Bryan D. Andrus et al.

33. Attached as Exhibit 19 to this declaration is a true and correct copy of Plaintiff's Supplemental Responses to Nintendo Interrogatory Nos. 17-20.

34. Attached as Exhibit 20 to this declaration is a true and correct copy of Japanese Patent Application No. S55-125369, entitled "Torsional torque detecting golf club," to Kenji Murata ("Murata '369").

35. Attached as Exhibit 21 to this declaration is a true and correct copy of Japanese Patent Application No. 55-95758, entitled "Torsional torque detection baseball bat," to Kenji Murata et al. ("Murata '758").

36. Attached as Exhibit 22 to this declaration is a true and correct copy of Japanese Patent Application No. S44-23551, entitled "Strain gage device for measuring landslide," to Yoshikazu Izumi ("Izumi").

37. Attached as Exhibit 23 to this declaration is a true and correct copy of U.S. Patent No. 6,638,175, entitled "Diagnostic Golf Club System," to Nathan J. Lee et al. ("Lee").

38. Attached as Exhibit 24 to this declaration is a true and correct copy of U.S. Patent No. 4,688,444, entitled "Control Device," to Lennart Nordstrom ("Nordstrom").

39. Attached as Exhibit 25 to this declaration is a true and correct copy of Compilation of Neurocom related documents described in Paragraph 6 above.

40. Attached as Exhibit 26 to this declaration is a true and correct copy of the Bertec Related Documents described in Paragraph 6 above.

I certify that the foregoing statements made by me are true. I am aware that if any foregoing statements made by me are willfully false, I am subject to punishment.

Tyler C. Peterson
May 16, 2011
Seattle, WA