IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **IA LABS CA, LLC** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Civil No. PJM 10-833 |
| | * | |
| **NINTENDO CO., LTD** and | * | |
| **NINTENDO OF AMERICA, INC.** | * | |
| | * | |
| **Defendants** | * | |

**MEMORANDUM OPINION**

IA Labs, CA LLC ("IA Labs"), has sued Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively, "Nintendo"), alleging patent infringement. Presently before the Court is Nintendo's Motion in Limine to Exclude Evidence of the Reexamination Proceedings [Docket No. 284]. For the reasons that follow, Nintendo's Motion is **GRANTED**.

Nintendo seeks to exclude at trial evidence regarding the initial determination made by the U.S. Patent and Trademark Office ("PTO") upon an *inter partes* reexamination of the patent at issue in this case. Nintendo argues that this non-final determination, currently on appeal before the Board of Patent Appeals and Interferences, is not probative evidence of the patent's validity and carries a high risk of misleading and confusing the jury, citing FED. R. EVID. 402 and 403. Nintendo also argues that the evidence at issue is inadmissible hearsay and is not subject to the exception for public records because (1) the statements in the PTO documents are not "factual findings" and (2) the decisions lack the requisite "trustworthiness" because they are preliminary and non-final. FED. R. EVID. 802, 803(8). IA Labs counters that Nintendo is judicially estopped from making these arguments because, at an earlier stage of this litigation, Nintendo lauded the expertise of the PTO and the importance of the reexamination process. IA

Labs further contends that evidence of the reexamination proceedings is probative, is not prejudicial, and is admissible under the public records exception to the hearsay rule. *Id.* 402, 403, 803(8).

IA Labs' judicial estoppel argument is easily dispatched. This argument assumes, among other things, that a motion to exclude evidence relating to the reexamination proceedings is "clearly inconsistent" with statements by counsel touting the expertise of the PTO. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (identifying non-exclusive factors to consider when applying the doctrine of judicial: (1) whether a party's later position is "clearly inconsistent with its earlier position," (2) whether a court accepted the party's earlier inconsistent position, and (3) whether estoppel is necessary to preclude an "unfair advantage" or "unfair detriment"). This is simply not so. Even if Nintendo were arguing that the evidence should be excluded because the PTO does *not* have a special expertise in patents, it is hardly clear that an attorney's statement of opinion in such a matter would in any way have preclusive effect. But Nintendo is not arguing this. Its argument for exclusion relies on the non-final nature of the determination at issue, the different standards at play in the PTO and civil litigation, and the general issue of juror confusion. For these reasons, it is clear that this does not fit within the "narrowest of circumstances" where judicial estoppel is appropriate. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996).

As for the probative value and potential prejudice of the reexamination proceedings, the Court agrees with the vast majority of courts that such evidence has "little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness" and that "risk of jury confusion" is "high." *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) ("The district court did not abuse its discretion in

concluding that the prejudicial nature of the evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case."); *see also, e.g., Belden Techs., Inc. v. Superior Essex Commc'ns, LP*, 802 F. Supp. 2d 555, 569 (D. Del. 2011) ("Admitting evidence about the . . . patent's reexamination, the outcome of which is not binding on the court, would have only served to confuse the jury and was ultimately far more prejudicial than probative."); *Transamerica Life Ins. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 907 (N. D. Iowa 2009) ("This court agrees with its brethren that evidence of incomplete patent reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue . . . and even if the evidence has some marginal probative value, that probative value is outweighed by its potential for undue prejudice or confusion of the jury about the presumption of validity of the patent.").[1]

Presenting the jury with a document entitled "Action Closing Prosecution" would run an unnecessary risk that jurors would accord undue weight to what appears to be a final document and might improperly defer to the PTO's initial determination. *See Tesco Corp. v. Weatherford Int'l, Inc.*, 750 F. Supp. 2d 780, 794 (S.D. Tex. 2010) (excluding evidence of a reexamination interim determination given the "serious risk that a jury would view the examiners as expert and authoritative"). Delving into the details of the reexamination and providing the necessary context of the PTO structure and processes would inevitably "waste time and distract from the key issues in the lawsuit." *Cardiovention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830,

---

[1] The only case IA Labs has cited to counter this proposition addressed the district court's responsibility in evaluating a motion for preliminary injunction and, as such, is inapposite. *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842 (Fed. Cir. 2008)

843 (D. Minn. 2007). Accordingly, the Court **WILL EXCLUDE** evidence relating to the PTO reexamination from trial, pursuant to FED. R. EVID. 402 and 403.[2]

For the foregoing reasons, Nintendo's Motion in Limine to Exclude Evidence of the Reexamination Proceedings [Docket No. 284] is **GRANTED**.

A separate Order will **ISSUE.**

                                                 /s/
                                   **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

**February 13, 2012**

---

[2] Although the Court need not decide the question of hearsay, the Court recognizes that documents created in the course of the reexamination proceedings may well fall within the exception to hearsay for public records. FED. R. EVID. 803(8); *see Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292 (4th Cir. 1984) (finding that it is the challenging party's burden to prove that a public record is untrustworthy and that it is non-final or subject to amendment is insufficient); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 03-1431, 2006 WL 1330003, at *3-4 (N.D. Cal. May 15, 2006) (finding that various PTO documents—including an opinion of the Board of Patent Appeals and Interferences, an Office Action by a PTO Examiner, and two Orders Granting Reexamination—are admissible under the public records exception to hearsay, but further noting that they may be inadmissible under FED. R. EVID. 403).