IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IA LABS CA, LLC | * | |
| Plaintiff | * | |
| v. | * | Civil No. PJM 10-833 |
| NINTENDO CO., LTD and<br>NINTENDO OF AMERICA, INC. | * | |
| Defendants | * | |

## FINAL ORDER OF JUDGMENT

IA Labs CA, LLC ("IA Labs") sued Nintendo Co., Ltd. and Nintendo of America Inc. (collectively "Nintendo") alleging infringement of U.S. Patent Nos. 7,121,982 ("'982 patent") and 7,331,226 ("'226 patent") through the manufacture, sale, and offer for sale of certain accused products. Nintendo counterclaimed seeking declarations of (1) non-infringement of the '982 patent; (2) non-infringement of the '226 patent; (3) invalidity of the '982 patent; and (4) invalidity of the '226 patent. (Dkt. No. 16). On February 9, 2011, the parties submitted a joint status report wherein IA Labs withdrew its claims related to the '226 patent and indicated that it had executed a covenant not to sue under the patent. (Dkt. No. 105). Nintendo subsequently moved to dismiss the claim of infringement relating to the '226 patent, and on April 6, 2011, the Court ordered dismissal of the infringement claim without prejudice. (Dkt. No. 133). The Court also dismissed without prejudice Nintendo's counterclaims for declaratory judgment on non-infringement and invalidity concerning the '226 patent. (*Id.*) Nintendo also filed a motion under 35 U.S.C. § 285 seeking its attorneys' fees and costs incurred in connection with its defense against IA Labs' allegations under the '226 patent. (Dkt. No. 188).

On February 29, 2012, the Court issued an order granting Nintendo's motion for summary judgment of non-infringement of all claims of the '982 patent. (Dkt. No. 353). IA Labs subsequently filed a motion to reconsider the Court's ruling, which the Court denied on April 26, 2012. (Dkt. No. 359). The Court subsequently issued an order granting Nintendo's Motion for Attorneys' Fees in connection with IA Labs' assertion of the '226 patent against Nintendo. (Dkt. No. 374). The parties have now stipulated to dismiss without prejudice Nintendo's counterclaim for a declaration of invalidity of the '982 patent, which was the only undecided issue left in this case.

Accordingly, final judgment should be entered as follows:

1. The Court determines and declares that Nintendo's accused products do not infringe the '982 patent;

2. IA Labs' claim of infringement of the '982 patent is dismissed with prejudice;

3. Nintendo's declaratory counterclaim of invalidity of the '982 patent is dismissed without prejudice to Nintendo's right to reassert that counterclaim on any remand to this Court or in any other proceeding;

4. Plaintiff's claim of infringement of the '226 patent is dismissed without prejudice;

5. Plaintiff's claim of infringement of the '226 patent was "objectively baseless," making this case "exceptional" within the meaning of 35 U.S.C. § 285;

6. The Court therefore awards Nintendo $236,084.07 of the attorney's fees and litigation expenses that Nintendo incurred in defending against IA Labs claim of infringement of the '226 patent; and

7. The Clerk of the Court is directed to **CLOSE** this case.

It is so **ORDERED**, this 14th day of May, 2012.

                                                /s/
                                   PETER J. MESSITTE
                              UNITED STATES DISTRICT JUDGE