IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IA LABS CA, LLC | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil No. **PJM 10-833** |
| **NINTENDO CO, LTD., et al.** | * |
| | * |
| | * |
| Defendants. | * |

**MEMORANDUM OPINION**

The background of this patent infringement case has been laid out in two prior opinions. *See IA Labs CA, LLC v. Nintendo Co., Ltd.*, 863 F. Supp. 2d 430 (D. Md. 2012); *IA Labs CA, LLC v. Nintendo Co., Ltd.*, 2012 WL 1565296 (D. Md. May 1, 2012). IA Labs CA, LLC ("IA Labs") sued Nintendo Co., Ltd. and Nintendo of America, Inc. (collectively, "Nintendo") for infringement of two patents. The Court granted Nintendo's motion for summary judgment, finding that there was no infringement as a matter of law. *IA Labs*, 863 F. Supp. 2d at 433. Nintendo then moved for attorneys' fees on the ground that IA Labs had brought one of its two infringement claims in bad faith and without a reasonable basis. *IA Labs*, 2012 WL 1565296, at *2. The Court agreed and entered judgment against IA Labs in the amount of $218,159.25 in attorneys' fees and $17,924.82 in litigation expenses, for a total award of $236,084.07. *Id.* at *4. IA Labs noted an appeal to the United States Court of Appeals for the Federal Circuit, and filed a Motion for Stay of Execution of Judgment Pending Appeal and to Post Alternate Security (Paper No. 396). Nintendo opposed the Motion and, at a minimum, sought limited discovery to determine whether IA Labs in fact had the wherewithal to post bond. The Court permitted Nintendo to take discovery, following which the parties filed supplemental briefs. The Court

1

orally advised the parties that it had **DENIED** IA Labs' Motion, indicating that a written opinion would follow. Here, then, is that Opinion.

The specific issue currently before the Court is whether IA Labs may be excused from posting a supersedeas bond or be permitted to post some alternative bond. It may avail itself of neither.

As a rule, an appeal does not automatically stay a judgment, but an appellant may obtain a stay of the judgment by posting supersedeas bond. Fed. R. Civ. P. 62(d). The requirement of posting bond performs two functions: first, it protects the prevailing party "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal"; and second, it gives the losing party the option of avoiding "the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979). "Unless otherwise ordered by the Court, the amount of any supersedeas bond filed to stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal." Local Rule 110(1)(a). In some cases, courts may excuse the requirement of posting bond and stay execution of a judgment. The Federal Rules of Appellate Procedure specifically authorize parties to move for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). A party may make that request in the district court, and may only request a stay from the circuit court once the request was made in the district court, unless the movant can make a showing "that moving first in the district court would be impracticable." *Id.*; *S.E.C. v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001).

Rather than post bond consistent with the requirements of Rule 62 and Local Rule 110, IA Labs has requested the Court stay the judgment pending appeal without bond or permit it to post its patents as alternative security. It argues that posting a full bond would render it insolvent, relying on *Poplar Grove* for the proposition that a court may excuse the requirement to post bond or permit an alternative if posting full bond "would impose an undue financial burden." *Id.* at 1191.

Unconvinced by IA Labs' representations regarding its inability to post bond, Nintendo filed a Motion for Leave to Take Expedited Limited Discovery in Preparation of its Response to IA Labs' Motion for Stay of Execution of Judgment Pending Appeal (Paper No. 400). The Court granted Nintendo's Motion and deferred ruling on IA Labs' Motion pending completion of limited discovery. With discovery complete, Nintendo filed its opposition to IA Labs' Motion.

The Court rejects IA Labs' request for two reasons. First, IA Labs points to no Fourth Circuit case authorizing a district court to stay a judgment in lieu of posting supersedeas bond on the ground of "undue financial burden." Indeed, a review of the relevant case law suggests that in the more than 30 years since the Fifth Circuit's decision, the Fourth Circuit has never adopted the reasoning of *Poplar Grove*. This Court is not prepared to chart a new course in this circuit, especially given the Fourth Circuit's longstanding silence on this issue.[1]

Second, assuming that *Poplar Grove* is authoritative, IA Labs has failed to meet its burden of establishing that its "financial condition is so impaired that it would have difficulty in securing a supersedeas bond in an amount sufficient to fully protect the rights" Nintendo

---

[1] A few judges in this District have adopted the Fifth Circuit's reasoning as articulated in *Poplar Grove*. *See TransPacific Tire & Wheel, Inc. v. Orteck Int'l, Inc.*, 2010 WL 2774445 (D. Md. July 13, 2010) (Chief Judge Deborah Chasanow); *Hoffman v. O'Brien*, 2009 WL 3216814 (D. Md. Sept. 28, 2009) (Judge William Quarles); *CapitalSource Finance LLC v. Pittsfield Weaving Company, Inc.*, 2008 WL 3850385 (D. Md. March 7, 2008) (Judge Alexander Williams, Jr.). In all three cases, however, the court *denied* the request to stay enforcement of the judgment, finding that the appellant had not satisfied its burden by showing that posting bond would actually constitute an undue financial burden. *TransPacific Tire & Wheel*, 2010 WL 2774445 at *6; *Hoffman*, 2009 WL 3216814 at *2; *CapitalSource Finance*, 2008 WL 3850385 at *2.

acquired against it. *Id.* True, IA Labs provided balance sheets that indicate that it has almost no assets. By itself, however, that is not enough to establish an undue financial burden, otherwise every plaintiff lacking assets sufficient to obtain a bond would be excused from the requirement. IA Labs, it turns out, has access to other resources.

The deposition testimony taken during limited discovery revealed that IA Labs' patent litigation against Nintendo is being funded by a third-party litigation financier, a private equity fund. The consequence is that IA Labs has deliberately structured itself so that it could draw on sources of revenue from its financier when its litigation against Nintendo looked profitable, but made itself effectively judgment-proof – and supposedly incapable of posting bond – in the event of a successful counter-claim or award of attorneys' fees against it. The ethics of this arrangement aside,[2] the use of third-party litigation financing as a device to create the appearance of economic hardship does not warrant excusal of the requirement for bond or satisfy the *Poplar Grove* standard, especially in light of IA Labs' conduct that gave rise to the award of fees. *See IA Labs*, 2012 WL 1565296 at *3 ("That IA Labs waited more than two months after Nintendo asserted counterclaims of invalidity to inform Nintendo that it would abandon its claim under the '226 patent and four more months to actually do so may be evidence of neglect, but is also evidence of bad faith.").

IA Labs offers its patents as an alternative to posting bond. The Court declines its offer. Although there are certainly extraordinary cases where courts have permitted posting some alternative security as bond, IA Labs' patents are far too speculative in value to secure Nintendo's interest as the prevailing party. Appropriate examples of alternative security may be

---

[2] Third-party litigation financing is highly controversial and for some raises core questions about legal ethics. *See* Maya Steinitz, *The Litigation Finance Contract*, 54 WM. & MARY L. REV. 455, 484 (2012) (observing a "key concern . . . that third-party funding will diminish clients' control over their claims generally, and in particular in connection with the decision of when and for how much to settle").

a letter of credit, *Ligurotis v. Whyte*, 951 F.2d 818, 821 (7th Cir. 1992), some combination of securities and cash in an interest-bearing account, *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F. Supp. 501, 520-21 (E.D. Pa. 1973), or even a smaller sum of money, *Trans World Airlines, Inc. v. Hughes*, 314 F. Supp. 94, 98 (S.D.N.Y. 1970), but this Court rejects as adequate security two assets that have an exceedingly indeterminate value, especially given this Court's rulings regarding the infringement claims.

IA Labs' Motion (Paper No. 396) is **DENIED**.[3]

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**DATE:** April 19, 2013

---

[3] Shortly after the Court originally denied the Motion on March 19, IA Labs posted bond in the amount of $283,801.00. *See* Paper Nos. 416 and 417.